IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BEATRICE L. SPRADLEY,

    Plaintiff,

V.                                      CIVIL ACTION NO. 3:07-0436

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff protectively filed her applications on September 27, 2004, alleging disability commencing September 3, 2004,[1] as a consequence of kidney problems, back spasms, diabetes, high cholesterol, rheumatoid arthritis in right shoulder, pulled ligaments in right ankle, nodules on vocal chords and thyroid problems. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the

---

[1] Plaintiff's insured status expired June 30, 2005 and, for purposes of her application for disability insurance benefits, it was incumbent upon her to establish disability on or before that date. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971).

Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-six years of age and had obtained a high school education and completed four years of college with special education classes. Her past relevant employment experience consisted of work as a case aid, graduate assistant, housekeeper, secretary, office manager and administrative assistant. In his decision, the administrative law judge determined that plaintiff suffers from obesity and lower back pain secondary to lumbosacral strain and degenerative disc disease, impairments which he found severe. Concluding that plaintiff had the residual functional capacity for a limited range of light level work and that her past work was not precluded by these limitations, the administrative law judge found her not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. Plaintiff has received treatment for thyroid problems, hyperlipidemia, oxygen desaturation while sleeping, dizzy spells and headaches, vocal cord nodules, right shoulder, ankle and knee pain with MRI evidence of patellar facet chondromalacia[2] in the right knee, and low back pain with MRI evidence of disc desiccation at L4-5 and L5-S1. The administrative law judge, relying on opinions from the state agency medical advisors, determined plaintiff could perform light level work requiring no more than occasional climbing, balancing, stooping, kneeling, crouching or crawling, no climbing of ladders, ropes or scaffolds and no exposure to unprotected heights or hazards.

---

[2]Degeneration of the articular cartilage of the knee joint in the region of the underside of the knee cap (patella). Attorney's Dictionary of Medicine, C-235 (2007).

Plaintiff objects to the administrative law judge's decision on several grounds. First, she asserts that it was error for him to find that none of her impairments meet or equal a listing. She does not specify which listing she believes would be met or equaled, and the administrative law judge noted that there were no medical findings of neurological deficits sufficient to meet or equal listing 1.04A or findings which satisfied any of the other musculoskeletal listings. Although obesity is no longer part of the listings, the administrative law judge noted he considered it in evaluating plaintiff's complaints under the listings at section 1.00 et seq. The administrative law judge's findings on this issue are supported by substantial evidence.

Next, plaintiff argues the administrative law judge should have given greater weight to the assessment from Dr. Paul Craig, a specialist in occupational medicine who examined plaintiff at counsel's request on January 8, 2007. This physician did not report any exam findings, however, just his impressions which he stated were based on a review "of the records presented," a "full medical history" and an examination. He also assessed plaintiff's residual functional capacity, finding her ability to lift/carry limited to less than ten pounds total, none occasionally or frequently; to stand/walk a total of one to two hours per day total, less than one hour without interruption; and to sit two to four hours total, one to two without interruption. It was his opinion she could never climb, balance, stoop, crouch, kneel or crawl; that her abilities to reach, handle and push/pull with the right arm were restricted; and that plaintiff was unable to be exposed to heights, moving machinery, temperature extremes, chemicals, dust, noise, fumes, humidity or vibration.

The administrative law judge considered this assessment and gave it little weight due to a lack of support in the record. He noted the medical evidence did not establish any condition that would require plaintiff to avoid temperature extremes, chemicals, dust, noise, fumes or humidity;

that Dr. Craig did not provide his exam findings or indicate the medical reports upon which he relied; and that medical conditions causing these extreme limitations on lifting, carrying, standing, walking or sitting are simply not established by the medical evidence of record. The Court concludes that the administrative law judge's findings in this regard are clearly reasonable, in accord with the regulations and are well-supported by the evidence.

Plaintiff argues that Dr. Craig's opinion is supported by the opinion of Dr. Jose Ricard on a form completed October 24, 2006 in furtherance of her application for a medical card. The administrative law judge concluded, however, that this opinion was entitled to little weight because it related to an issue reserved to the Commissioner,[3] was based on plaintiff's subjective complaints and is inconsistent with the overall medical record. The form Dr. Ricard completed reflects that his exam "findings" are actually nothing more than plaintiff's subjective complaints, and his finding of an inability to do any work for one year is inconsistent with the remainder of the record and relates to an issue which is reserved to the Commissioner.[4]

While a brief note dated September 29, 2006 from Dr. Turner, one of the physicians who treated plaintiff at Ebenezer Medical Outreach, reflects that she has "multiple serious health problems" which result in "serious limitation for employment," it is not clear what limitations result from the conditions listed, which are diabetes, osteoarthritis and obesity. Although Dr. Turner is a treating physician, his opinion is too brief and non-specific to be considered "well-supported by

---

[3] 20 C.F.R. §§ 404.1527(e), 416.927(e).

[4] Id.

medically acceptable clinical and laboratory diagnostic techniques," and it is inconsistent with the other substantial evidence in the record.[5]

While plaintiff makes reference to case law on the issue of medical treatment that interferes with a claimant's ability to perform substantial gainful activity, she does not relate this to the facts of her case, and there is no issue of this nature apparent from the record. She also contends that her combination of mental and physical impairments "is more than slight or minimal," i.e., a "severe impairment." This allegation is, however, consistent with the administrative law judge's findings, except for a mental impairment which was neither alleged by plaintiff nor established by the evidence.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: September 28, 2009

/s/ Maurice S. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).